**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IRINA KONSTANTINOV, individually
and as Conservator for the Estate of
VLADIMIR KONSTANTINOV, a
mentally incapacitated person, and
SERGEI MNATSAKANOV and ELENA
MNATSAKANOV,

    Plaintiffs,

                                                          CASE NO. 07-14705
                                                          HONORABLE DENISE PAGE HOOD

v.

FINDLAY FORD LINCOLN MERCURY
And FORD MOTOR COMPANY,

    Defendants.

**And,**

FORD MOTOR COMPANY,

    Plaintiff,

                                                          CASE NO. 07-15397
                                                          HONORABLE DENISE PAGE HOOD

v.

IRINA KONSTANTINOV, as
Conservator for the ESTATE of
VLADIMIR KONSTANTINOV,
and SERGEI MNATSAKONOV,

    Defendants.
                                                                                          /

**ORDER GRANTING FINDLAY FORD LINCOLN MERCURY AND FORD MOTOR COMPANY'S MOTIONS TO DISMISS (CASE No. 07-14705), DENYING FORD MOTOR COMPANY'S REQUEST FOR DEFAULT JUDGMENT (CASE No. 07-15397) AND GRANTING FORD MOTOR COMPANY'S MOTION TO REMAND MOTION TO STATE COURT (CASE No. 07-15397)**

**I.      INTRODUCTION**

This matter is before the Court on two separate claims, both involving substantially the same parties and involve the same set of facts.[1]

In the first action, Case No. 07-14705, filed November 1, 2007, Plaintiffs Irina Konstantinov, individually and as Conservator for the Estate of Vladimir Konstantinov, Sergei Mnatsakanov, and Elena Mnatsakanov have filed an action for Declaratory Relief on Ford's claims for breach of contract and indemnification claims. Defendants Findlay Ford Lincoln Mercury and Ford Motor Company have filed three Motions to Dismiss the Plaintiff's action for Declaratory Relief. [**Docket Nos. 8, 17,19**]. Defendant Ford Motor Company has filed two Motions to Dismiss Plaintiff's Complaint for declaratory relief claiming this Court does not have subject matter jurisdiction over this action. [Docket Nos. 8 and 17]. Defendant Findlay Ford Lincoln Mercury has also filed a Motion to Dismiss for lack of subject matter jurisdiction. [**Docket No. 19**].

In the second action, Case No. 07-15397, Ford Motor Company filed a complaint for breach of contract and indemnification in the Oakland County Circuit Court for the State of Michigan on November 20, 2007. On December 19, 2007, Defendants removed the state court action to federal court claiming that there exists "a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under Article III of the United States Constitution. (*See* Doc. No. 1, Notice of Removal, ¶ 6). The Motion in this action presently before the Court is a Motion for Entry of Default, or Alternatively, Remand.

---

[1]Findlay Ford Lincoln Mercury is not a party to the Ford v. Konstantinov breach of contract and indemnification case, case no. 07-15391.

[**Docket No. 8, filed January 14, 2008**].

**II.    FACTS**

On June 13, 1997, Vladimir Konstantinov and Sergei Mnatsakanov were involved in an automobile accident in which they sustained severe injuries. As a result of the accident, Plaintiffs submitted a claim to Ford Motor Company demanding damages for their injuries, claiming that the 1995 Lincoln Towncar Limousine in which they were passengers was defective. The claim was confidentially settled out of court pursuant to separate Settlement Agreements and no formal complaint was filed.

Pursuant to the terms of the Settlement Agreements that were entered into on April 18, 2001 with Irina Konstantinov, individually and as Conservator for the estate of Vladimir Konstantinov, and on May 3, 2001, by Sergei Mnatsakanov, both Plaintiffs agreed to indemnify and hold harmless the releasees (including, but not limited to, Ford and any of its partners, agents, successors, subrogees and assigns) against any liability and/or suits, causes of action, expenses, compensation and other relief of any nature whatsoever brought against the releasees by anyone claiming for, through or on behalf of Plaintiffs, for the purpose of asserting or enforcing a claim for damages with respect to the June 13, 1997 accident. (*See* Exhibit A, April 18, 2001, and May 2, 2001 Confidential Settlement and Release Agreements, ¶ 5, filed under seal).

On December 17, 2004, Plaintiffs filed suit against Findlay Ford Lincoln Mercury ("Findlay Ford") in the United States District Court for the Eastern District of Michigan, alleging that the dealer sold the limousine involved in the accident, and that the vehicle "was not crashworthy and failed to come equipped with adequate restraint devices and adequate and

appropriate interiors which would attenuate and substantially reduce the potential for second collision injury sustained in the course of reasonably foreseeable auto collisions (sic) accidents." (Docket No. 8, Ex. B, ¶ 10).

On January 13, 2005, Ford agreed to assume the defense and indemnification of Findlay Ford pursuant to a May 15, 1978 Dealer Indemnity Agreement, which read in pertinent part:

> Ford agrees to assume the defense and indemnification of Findlay Ford in "lawsuits, complaints or claims commenced against the Dealer by third parties concerning:"
> (2) Property damage to a COMPANY PRODUCT or FOREIGN PRODUCT (as applicable) or bodily injury or property damage arising out of an occurrence caused solely by a defect in the design of that product, except for a defect in the design of tires or diesel engines made by others.

(Def. Ford's Mot. To Dismiss, Ex. G, Amendment to Sales and/or Sales and Service Agreements in Effect with Lincoln-Mercury Division as to Indemnities by Company and Dealer ("Dealer Indemnity Agreement"), filed under seal with this Court).

Defendant Ford claims that pursuant to the terms of the Settlement Agreements entered into by both Plaintiffs, Ford requested indemnification from Plaintiffs and formally tendered its defense of Findlay Ford on October 18, 2007. (Docket 8, Ex. C, Correspondence to Richard M. Goodman). On November 11, 2007, Plaintiffs Irina Konstantinov and Sergei Mnatsakanov filed a Complaint seeking declaratory relief against Ford and Findlay Ford claiming that the Plaintiff's are not required to indemnify Ford. (Case No. 07-14705)(Docket 8, Ex. E, Correspondence from Richard Goodman referencing Defendants' Complaint for Declaratory Relief).

On November 20, 2007, Ford filed a Complaint for indemnification and breach of contract against Irina Konstantinov, Individually and as Conservator for the estate of Vladimir Konstantinov, and Sergei Mnatsakanov in Oakland County, Michigan. (Case No. 07-15397)(Docket No. 8, Ex. F, Ford's Complaint). On December 19, 2007, Defendants removed

the state court action to federal court claiming that there exists "a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under Article III of the United States Constitution." (*See* Case No. 07-15397, Docket No. 1, Notice of Removal, ¶ 14).

Ford's registered agent's office is in Oakland County, Michigan, and its principal place of business is in Michigan.

### III. APPLICABLE LAW & ANALYSIS

#### A. Case No. 07-14705 - Request for Declaratory Relief on Ford's Claims for Breach of Contract and Indemnification Claims

Defendants Findlay Ford Lincoln Mercury and Ford Motor Company have filed three 12(b)(1) Motions to Dismiss the Plaintiff's action for Declaratory Relief, claiming that this Court does not have subject matter jurisdiction [Docket Nos. 8, 17, 19]. In reviewing a motion to dismiss under 12(b)(1) the court is empowered to resolve factual disputes. *Rogers v. Stratton Indus., Inc.,* 798 F. 2d 913, 915 (6th Cir. 1986). When a federal court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed in its entirety. Fed. R. Civ. P. Rule 12(b)(1); *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L.Ed.2d 867 (2004).

Ford's registered agent's office is in Oakland County, Michigan, and its principal place of business is in Michigan. Plaintiffs do not dispute that diversity jurisdiction does not exist in this case. Irina Konstantinov claims that there is federal question jurisdiction, however, as this action "'arises under the Constitution and laws of the United States,' and for that reason, this Court has federal question jurisdiction." [Docket No. 21, at 2]. Konstantinov's argument is as follows:

5

> This Court continues to have unchallenged jurisdiction with regard to precisely the same issues in the related case against Findlay Ford. Thus, regardless of this Court's determination of Ford's motion, it *must* nonetheless resolve the issue of indemnification, and whether there remains a case or controversy, in the product liability case. If there is no case or controversy between the Plaintiffs and Findlay Ford in the product liability case, there is a violation of Article III and there is no subject matter federal jurisdiction. *See MedImmune, Inc. v. Genetech, Inc.,* 127 S. Ct. 764.

[Docket 21, at 5].

Plaintiffs' argument for jurisdiction is not substantiated by case law. Plaintiffs rely upon *Grable & Sons Metal Products, Inc. v. Darue Engineering and Mfg.,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). That case, however, involved the interpretation of a federal tax statute, not a state product liability statute or a state court contract action. The resolution of the instant case does not require the analysis or interpretation of any federal law, and Plaintiffs' reliance upon *Grable* is unfounded. The only issue that must be decided is whether Plaintiffs breached their contract, a matter wholly within the power of the state court to decide. Plaintiffs also point to the Court's inherent power as a basis of jurisdiction. Although federal courts do have the inherent power to regulate the conduct of the parties before it, that power does not extend so far as to allow the court to exercise jurisdiction over non-diverse parties when there is no federal case or controversy within the meaning of 28 U.S.C. § 1331.

Plaintiff concedes that there is no diversity jurisdiction, and no supplemental jurisdiction under 28 U.S.C. § 1367. (Pl. Response to Motions to Dismiss, at 6). Plaintiff claims, however, that the jurisdiction of this Court in the product liability case will be implicated "in a major way, and thus directly implicates the Constitution of the United States." (*Id.*, at 7). The determination of the contract action will have no effect upon this Court's jurisdiction over the product liability action, however, and due respect for comity with state courts and their prerogative to decide

matters of state law counsel strongly against the unnecessary resolution of state matters by a federal court. *Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997); *Wainwright v. County of Oxford*, 369 F.Supp.2d 3, 9 (D.Me.2005). As a result, this Court will not interfere with a matter that properly belongs in state court, and Defendants' Motions to Dismiss are be GRANTED. [Dockets No. 8, 17, 19].

### B. Case No. 07-15397 - Ford Motor Company's Complaint for Breach of Contract and Indemnification

The Motion in this action presently before the Court is Defendant Ford's Motion for Entry of Default, or Alternatively, Remand. [Docket No. 8, filed January 14, 2008].

Ford moves for default judgment claiming that Defendants were required to answer Ford's complaint on or before December 27, 2007, five days after the notice of removal was filed. Fed. R. Civ. P. 81(c). Ford has not requested the entry of default pursuant to Fed. R. Civ. P. 55(a), which is an absolute prerequisite to filing a motion for entry of a default judgment under Fed. R. Civ. P. 55(b), and, as such, it will not be granted.

Ford moves to remand this action to state court claiming it not removable under 28 U.S.C. § 1441, because there is no subject matter jurisdiction over the action. For the reasons stated above, this Court agrees that there is no subject matter jurisdiction in the case, and it should be remanded to state court.

## IV. CONCLUSION

Accordingly,

**Case No. 07-14705**

IT IS ORDERED that Defendants Findlay Ford Lincoln Mercury, and Ford Motor Company's Motions to Dismiss for Lack of Jurisdiction [Docket Nos. 8, 17, 19] are GRANTED

7

for lack of subject matter jurisdiction.

**Case No. 07-15397**

IT IS FURTHER ORDERED that Ford Motor Company's request for Default Judgment [Docket No. 8] is DENIED.

IT IS FURTHER ORDERED that Ford Motor Company's Motion to Remand the case to state court is GRANTED.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: May 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager